BARRETT CHEMICAL CO., Appellant, v. STERN, Respondent. (Supreme Court, Appellate Division, First Department. February 19, 1904.) Action by the Barrett Chemical Company against Julius Stern. F. Forbes, for appellant. A. Furber, for respondent. No opinion. Appeal from order denying resettlement dismissed, with $10 costs and disbursements.

BATTY, Respondent, v. NIAGARA FALLS HYDRAULIC POWER CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 8, 1904.) Action by Jennie A. Batty, as administratrix, against the Niagara Falls Hydraulic Power Co. No opinion. Order affirmed, without costs.

BEATTYS, Respondent, v. WILEY, Appellant (two cases). (Supreme Court, Appellate Division, Second Department. January 22, 1904.) Actions by George D. Beattys as trustee, etc., against Wilfrid Wiley and against Milnor Wiley. No opinion. Motions denied.

BEETHEM, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellant Term, January 19, 1904.) Action by William Beethem against the Interurban Street Railway Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed. Henry A. Robinson (William E. Weaver, of counsel), for appellant. Harrison, Seasongood & Edwards, for respondent.

GREENBAUM, J. This case was before this court on a former appeal. 86 N. Y. Supp. 700. The plaintiff's proofs fall short from showing in what respects the defendant's motorman was negligent, or that the plaintiff was himself free from negligence. The witnesses called by plaintiff corroborate all the defendant's witnesses as to the position plaintiff was found in immediately after the accident, indicating that he was struck by the easterly side of the car—a view entirely at variance with the plaintiff's version that he was working to the west of the southbound tracks when he was struck. The overwhelming evidence in the case as to the position of the plaintiff when struck forcibly impresses one with the improbability of the accident having happened as plaintiff now contends. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

BELLEGARDE v. UNION BAG & PAPER CO. (Supreme Court, Appellant Division, Third Department. March 2, 1904.) Action by John Bellegarde against the Union Bag & Paper Company. No opinion. Motion for leave to go to Court of Appeals granted.

BENJAMIN v. EDGE et al. (Supreme Court, Appellate Division, First Department. February 5, 1904.) Action by Alfred N. Benjamin against William Edge and the Williams Wire Hinging Machine Company. L. J. Hunt, for appellant. H. B. Bradbury, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements to plaintiff against appellant Edge, and $10 costs and disbursements to respondent machine company, against plaintiff.

McLAUGHLIN and HATCH, JJ., dissent from affirmance of the order as to the defendant machine company.

BESANT, Appellant, v. GLENS FALLS INS. CO., Respondent. (Supreme Court, Appellate Division, Third Department. March 2, 1904.) Action by Joseph B. Besant against the Glens Falls Insurance Company.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

HOUGHTON, J., dissents.

BINGER, Respondent, v. FEUERLICH et al., Appellants. (Supreme Court, Appellate Term, January 25, 1904.) Action by Arnold Binger against Max A. Feuerlich and another. From a judgment of the Municipal Court for plaintiff, defendants appeal. Modified. Alexander Rosenbaum, for appellants. Kantrowitz & Esberg, for respondent.

MacLEAN, J. Upon an order from the plaintiff, who was to furnish card paper and plates, the defendants undertook to print 5,000 advertising cards for $20, and certain tickets for $5. Respecting the latter there was no dispute. Of the cards, 1,696 were "printed right," and accepted. After looking at a few of the cards not delivered, the plaintiff refused to take any of those left at the printers', one of whom testifies they numbered about 1,800, of which were good about two-thirds or 1,200, thus making of those accepted, and which should have been, 2,896, amounting, at the price agreed upon for the lot, to $11.58, and making, with the $5 for the tickets and $41.05, a counterclaim of the defendants admitted upon the trial, a total for the defendants of $57.63, from which should be deducted the value of a plate, retained as for a lien, $8, and the worth of the card paper furnished, but of which the plaintiff did not have the benefit, viz., the 600 cards admittedly poor, and the remainder, not definitely accounted for by either side, of 1,504 cards, 2,104 in all, or 1,052 whole sheets at 3½ cents, $36.82, together making $44.82 to the credit of the plaintiff, leaving a balance of $12.81 to be recovered by the defendants, with costs, instead of $73.68, with costs, erroneously awarded in judgment to the plaintiff, in part for the outlay in having the work done elsewhere, for which outlay, under the circumstances proven, and in the action brought on oral pleadings for "breach of contract," he could not recover. The judgment should be modified by awarding the defendants judgment on their counterclaim as increased and diminished by the items stated above, with costs and disbursements in the Municipal Court and upon this appeal. Judgment modified, by awarding the defendants judgment for $12.81, besides costs and disbursements in the Municipal Court and upon this appeal, and, as so modified, affirmed.

FREEDMAN, P. J., and DAVID, J., concur in result.